UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
DAVIN PIETILA and MIRANDA JEAN
MORALES-BENNETT

                           Plaintiff                       EIGHTH AMENDED
      -against-                                COMPLAINT
                                           PLAINTIFF DEMANDS
                                           TRIAL BY JURY

THE CITY OF NEW YORK, POLICE OFFICER
KORKUT KOSEOGLU CAPTAIN NELSON CHEN
P.O. FRANCIS MAURIO, Sh. # 8916, POLICE OFFICER
TIMOTHY GAVIGAN, Tax Registry # 950483
LT. MEYER and POLICE OFFICER JOHN DOE 1-10

                                      14-cv-05852

                      Defendants
------------------------------------------------------------------------X

AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
                           DAVIN PIETILA

     1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, falsely arrested, falsely imprisoned assaulted and seriously injured the plaintiffs.

     2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1383 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law. The amount in controversy exceeds $75,000.00 excluding costs and attorney's fees.

     3. That at all times hereinafter mentioned, the plaintiff DAVIN PIETILA was and still is a resident of the City & State of New York.

     4. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

5.   That the defendants POLICE OFFICERS JOHN DOE 1-10 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

6.   That the defendant POLICE OFFICER KORKUT KOSEOGLU, FRANCIS MAURIO, Sh. # 8916. POLICE OFFICER TIMOTHY GAVIGAN Tax Registry # 950483, LT. MEYER and CAPTAIN NELSON CHEN were and are agents, servants & employee of the defendant THE CITY OF NEW YORK.

7 . That on or about the 5th day of July,2014 the plaintiff DAVIN PIETILA was lawfully at or near 708 5th Avenue in the County of Kings, City & state of New York.

8. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, and assaulted by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions. Upon information and belief the predicate for the wrongful acts committed by the police defendants was that the plaintiff DAVIN PIETALA was recording the police arrest and violent treatment of another person at or near the time and place indicated above.

9. That by reason of the foregoing the plaintiff suffered serious and severe personal injuries, the full nature and extent of which have yet to be fully determined, some of which, upon information & belief, are permanent in nature His injuries include but were not limited to a fractured nose as diagnosed by Precision Imaging. He was treated for multiple personal injuries by Dr. Ilyce Marange, 188 Montague Street, Brooklyn, NY . The injuries to his nose requires surgical intervention to correct as per the examination and opinion of Dr. Robert Vitolo. of Staten Island, NY

10. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

AS AND FOR A SECOND CAUSE OF ACTION ON
BEHALF OF THE PLAINTIFF DAVIN PIETILA

11.  Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

12. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable search & seizure, from warrantless search & seizure, from use of excessive force, assault & battery, summary punishment without trial & due process of law.

13. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court. In addition the named defendants as well as others failed to intervene to stop the misconduct of other police officers.

14. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

AS AND FOR A THIRD CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF DAVIN PIETILA

15. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

16. The defendant THE CITY OF NEW YORK was careless, reckless and negligent in the selection, investigation, hiring, training, supervision and direction of their employees, and in particular, the individually named defendants.

17. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

AS AND FOR A FOURTH CAUSE OF ACTION
ON BEHALF OF THE PLAINTIFF DAVIN PIETILA

18. That on or about the 5th day of July, 2014  the plaintiff was lawfully at or near 708 5th Avenue in the County of Kings, City & state of New York .The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

19.  That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted,   falsely arrested and falsely imprisoned by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to the aforementioned individually named defendants.

20. That the plaintiff was wrongfully incarcerated for about 24 hours. He was prosecuted under docket number 2014KN050413  of the Criminal Court of the City of New York & County of Kings. The charges included violation of New York State Penal Law 155.05, 205.30 and other related charges.

21. While the plaintiff was being held, his designated " arresting officer KORCUT KOSEOGLU and /or"JOHN DOE, with the acquiescence of other defendants, misrepresented facts in the police reports and other documents that the plaintiff had committed offenses when in fact this was not true.

22. Upon information and belief, defendant's motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest, and cover up the misconduct of other police officers.

23. Upon information and belief, defendants misrepresented to the Kings County District Attorney's Office and the Criminal Court of the City of New York and County of Kings that the plaintiff had committed one or more offenses.  Their motives in filing these false charges was to cover up their misconduct, obtain overtime compensation and obtain credit for an arrest. The actions of the defendants were calculated to deprive the plaintiff of a fair trial in this civil proceeding by attempting to cover up misconduct and conceal evidence.

24. That on or about the 9th day of September, 2014 the underlying criminal action was adjourned in contemplation of dismissal before Judge Monteleone  in the Criminal Court of the City of New York & County of Kings in Part AP-4

25.  That by reason of the foregoing the plaintiff suffered wrongful incarceration, loss of liberty, and suffered  serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature.

## AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF DAVIN PIETILA

26.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

28 . That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

29. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD,  and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

30. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

31. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen

was convicted of homicide and attempted murder while he was under indictment for other crimes.

32. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

33. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

34. There has been a pattern of abuse, assault and false arrest by officers of the NYPD largely against persons of color, as evidenced by numerous lawsuits , mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602, Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066. Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731.

Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209, Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al 10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits

35. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

36. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

37. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

38. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

39. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF
MIRANDA JANE BENNETT MORALES

40. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, assaulted and seriously injured the plaintiff.

41. That the jurisdiction of this Court is invoked under the provisions of Section 1331 & 1383 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under state law. The amount in controversy exceeds $75,000.00 excluding costs and attorney's fees.

42. That at all times hereinafter mentioned, the plaintiff MIRANDA JANE BENNETT MORALES was and still is a resident of the City & State of New York. She is a woman aged 31 years at the time of this incident.

43. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

44. That the defendant POLICE OFFICER KORKUT KOSEOGLU, FRANCIS

MAURIO, Sh. # 8916. POLICE OFFICER TIMOTHY GAVIGAN Tax Registry # 950483, LT.
MEYER and CAPTAIN NELSON CHEN were and are an agents, servants & employee of the
defendant THE CITY OF NEW YORK.

45. That the defendants POLICE OFFICER JOHN DOE 1-10 are agents, servants
and employees of the City of New York.

46 . That on or about the 5th day of July,2014 the plaintiff MIRANDA JANE
BENNETT MORALES was lawfully at or near 708 5th Avenue in the County of Kings, City &
state of New York..

47.  That while at the aforesaid time and place the plaintiff was unlawfully and
without just cause, approached, accosted, and assaulted by the aforementioned officers of THE
NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the
defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid
transactions. Upon information and belief, the police defendants assaulted her because she had
protested the beating of plaintiff DAVIN PIETALA.

48. That by reason of the foregoing the plaintiff suffered serious and severe
personal injuries, the full nature and extent of which have yet to be fully determined, some of
which, upon information & belief, are permanent in nature. Here injuries included, but were not
limited to injuries to her left shoulder as follows: She was treated for her injuries by Dr. Ilyce
Marange, 188 Montage Street, Brooklyn, NY 11201. She had diagnostic tests for her injuries at
Precision Imaging, 222 East 68th Street, NY, NY 10056. She was treated by Dr. Dov Berkowitz

of Kew Gardens, NY. His treatment included arthroscopic surgery to Ms. Morales' left shoulder performed by Dr. Berkowitz. that he performed at Franklin Hospital in Valley Stream, Long Island on December 31, 2014

49.  That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

AS AND FOR A SEVENTH CAUSE OF ACTION ON

BEHALF OF THE PLAINTIFF MIRANDA JANE MORALES BENNETT

50.  Plaintiff repeats, realleges and reiterates each and every allegation of the complaint with the same force and effect as if more fully set forth at length herein.

51. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from unreasonable search & seizure, from warrantless search & seizure, from use of excessive force, assault & battery, summary punishment without trial & due process of law. The defendants, in particular Lt. Meyer, also concealed the identity of the officer or officers who assaulted Ms. Morales. The actions of the defendants were calculated to deprive the plaintiff of a fair trial in this civil proceeding by attempting to cover up misconduct and conceal evidence. In addition the named defendants as well as others failed to intervene to stop the misconduct of other police officers.

52. Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to him by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court.

53. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

AS AND FOR A EIGHTH CAUSE OF ACTION

ON BEHALF OF THE PLAINTIFF MIRANDA JANE  BENNETT- MORALES

54. Plaintiff repeats, realleges and reiterates each and every allegation of the complaint  with the same force and effect as if more fully set forth at length herein.

55. The defendant THE CITY OF NEW YORK was careless, reckless and negligent in the selection, investigation, hiring, training, supervision and direction of their employees, and in particular, the individually named defendants.

56. That by reason of the foregoing the plaintiff has suffered damage & injury in the sum of FIVE MILLION DOLLARS.

AS AND FOR A NINTH CAUSE OF ACTION ON BEHALF

OF THE PLAINTIFF MIRANDA JANE  BENNETT MORALES

57.  The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

59. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

60. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

61. Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD,  and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

62. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

63. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

64. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

65. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

66. There has been a patter of abuse, assault and false arrest by officers of the NYPD largely against persons of color, as evidenced by numerous lawsuits , mostly for drug related offenses. The actions include the following brought in the US District Court for the Eastern & Southern Districts of New York  Bey v  v NYC, et al 09-03595 , Strong v NYC et al, 10-01602, Brown v NYC et al 11-02277 , Stephens v NYC et al 11-05281 , Rhone v the City of New York , 12-cv-00747  Goodwin v the City of New York, 04-01482. Weston v the City of New York, 06-1513 ; In this case the plaintiff was a 52 year old college graduate with no criminal record who had suffered from a stroke shortly before the incident.  The plaintiff, who was employed at Wagner High School as a teacher's assistant, also had to fight eviction proceedings because he lived in an apartment owned by the New York City Housing Authority .Nielson v the City of New York , Patterson v NYC et al 10-cv-00231  Lawrence v The City of New York, 11-05066. Archipoli v the City of New York, 10-1986 , where there were several plaintiffs, including a 17 year old boy, and 39 year old William Archipoli who was confined to a wheelchair at the time as he suffers from muscular dystrophy The plaintiffs were in their own home on Staten Island when P.O. Orsini and others entered 219 Jefferson Street. The officers drew guns on all, including the wheelchair bound plaintiff. Criminal charges were filed and later dismissed in Richmond County Criminal Court.;Coleman v the City of New York 11-2574, Rosenblum v the City of New York, 07 cv- 02158. Thompson v the City of New York,  Ohagan v the City of New York 09-05597 Bennett The v City of New York, 11-1929.Bunche v the City of New York, 10-cv-5731. Morrow v NYC et al 11- 03054  George v NYC et al 10-cv-02407 Morrow v NYC et a; 11-03054  Butta et al v NYC, 11-cv-02843, Hewitt v NYC et al 09-00214, Goodwin v NYC 04-01482,, Olushesi v NYC et al 09- 01754, Patterson v NYC 10-00231, Johnson,v NYC et al 10-02407, Canlo v NYC 11-00052, Bennett v NYC, et al 11-cv-01929, , Hosang v NYC , et al 12-00751, Tung v NYC, 08-00181,  Green v NYC et al 09-01825, Whittaker v NYC et al 08-03209,

Mangal & Burton v NYC, 07-3777,  Knox v NYC et al 00-00027, and Kelly v NYC et al  10-08438 This is a total of 36 separate actions. P.O. Vincent Orsini has ben sued in at least 16 separate lawsuits

67. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CURB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

68.  The City's failure to act resulted in a violation of the plaintiff's constitutional rights

69.   At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

70. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

71. As a result of the foregoing, plaintiff was deprived of liberty, suffered  emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and

injured.

WHEREFORE, the plaintiffs respectfully prey to the court for judgment

upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall

consider to be just and fair:

b. Punitive and exemplary damages in an amount which this

Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider

just & fair;

d.  Together with the costs and disbursements of this action

and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

May 28,  2015.

This is an electronic signature

.                  ----------------/s/----------------------------

MICHAEL COLIHAN (MC-0826)

Attorney for the Plaintiff

44 Court Street

Suite 906

Brooklyn, NY 11201

(718) 488-7788