UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

MIRANDA JEAN BENNETT-MORALES, :

                          Plaintiff,      :

    -against-                         :

CITY OF NEW YORK, et al.,           :

                        Defendants.  :

------------------------------------------------------x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 9/22/16

**REPORT AND RECOMMENDATION TO THE HONORABLE LAURA TAYLOR SWAIN**

14cv5852-LTS-FM

**FRANK MAAS,** United States Magistrate Judge.

By letter dated January 5, 2016, Michael Manoussos, Esq., counsel for Miranda Jean Bennett-Morales ("Ms. Bennett-Morales"), one of the two plaintiffs in this action, alleged that her prior counsel, Michael Colihan, Esq., had falsely represented to Joseph Gutmann, the Assistant Corporation Counsel assigned to this civil rights matter, that Ms. Bennett-Morales had accepted the defendants' "settlement" offer. (ECF No. 100). Faced with this serious allegation, I directed that an evidentiary hearing be held on March 18, 2016, and that Messrs. Colihan and Guttman and Ms. Bennett-Morales attend the hearing. (See ECF Nos. 103, 105 (letter from Ms. Bennett-Morales, dated Feb. 9, 2016) (confirming her availability to testify)).[1] Following that hearing, for the reasons set forth below, I recommend that the letter application be denied.

---

[1] Regrettably, this was not the only allegation of impropriety in this case. Earlier, on April 23, 2015, Mr. Colihan and Mr. Gutmann filed cross-motions for sanctions, in which they each alleged that their adversary had failed to comply with the Court's Section 1983 Plan. (See ECF Nos. 56, 61). Both motions were withdrawn by letter dated May 11, 2016, after the other plaintiff settled with the defendants. (See ECF No. 112).

I.   Hearing Testimony

Only two witnesses testified at the hearing: Messrs. Gutmann and Colihan. Ms. Bennett-Morales' counsel called both witnesses, but Ms. Bennett-Morales did not testify.

During his testimony, Mr. Gutmann explained that he had sent Mr. Colihan an offer of judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure in or around May 2015. In keeping with the practice of the Office of Corporation Counsel, after that offer was accepted, Mr. Gutmann sent Mr. Colihan certain paperwork, including a general release. (ECF No. 113 (Tr. of Hrg. ("Tr.")) at 4-5). Mr. Colihan also sent the Court a letter dated June 1, 2015, in which he confirmed that Ms. Bennett-Morales was "accepting the City's Rule 68 offer of $20,000 plus attorney's fees." (ECF No. 83).

Subsequently, during a telephone conversation over the summer of 2015, Mr. Colihan asked Mr. Gutmann "not to process the paperwork" necessary for the Office of the City Comptroller to pay Ms. Bennett-Morales because he "was not in contact with his client." (Tr. 5-6).

Mr. Colihan testified that he has handled more than two hundred cases against the City, and that in "[e]ach and every one of them[, he] had to send a general release and also an affidavit concerning liens" before payment was made. (Id. at 10). Accordingly, he did not pursue the issue of payment further with Mr. Gutmann because he was not "getting the releases back" from Ms. Bennett-Morales. (Id. at 11). Mr. Colihan conceded, however, that if he had filed the offer of judgment with the Court, it

2

would have operated as a judgment against the defendants, without any need for a release. (See id. at 12).

In response to my further questioning, Mr. Colihan said that he told Ms. Bennett-Morales that the "payment process would not begin until she signed [the general release]." (Id.). He also indicated, however, that he had "in excess of ten conversations" with Ms. Bennett-Morales, that she "authorized [him] to accept the" City's offer of judgment, and that she sent him a "confirmatory email" to that effect. (Id. at 13).[2] Although Ms. Bennett-Morales was initially somewhat ambivalent, Mr. Colihan testified that he had no doubt that she had accepted the City's terms before he conveyed her assent to Mr. Gutmann. (Id. at 14-15).

II.   Discussion

Ms. Bennett-Morales' application raises two issues. First, did Mr. Colihan engage in misconduct warranting the imposition of a sanction, a referral to the Court's grievance committee, or both? Second, should Ms. Bennett-Morales be permitted to pursue her claims against the defendants? It is unclear whether the first of these issues can be decided by a magistrate judge insofar as it leads to the imposition of a sanction. See Kiobel v. Millson, 592 F.3d 78, 87-90 (Cabranes, J., concurring) (magistrate judges

---

[2]   Prior to the hearing, counsel that Mr. Colihan retained to represent him sent the Court a copy of that email based on his understanding that Ms. Bennett-Morales had waived her attorney-client privilege by questioning Mr. Colihan's conduct. (See ECF No. 109 (letter to the Court from Andrew M. Krisel, Esq., dated Feb. 22, 2016)). In the email, Ms. Bennett-Morales unequivocally stated: "Thanks for your note. Just to be clear. I will accept the City's offer on the terms you described. That is, I will receive $20[,000] free and clear." (ECF No. 109-2).

3

lack authority to decide Rule 11 motion for sanctions), 90-98 (Leval, J., concurring) (28 U.S.C. § 636 "empowers magistrate judges to impose sanctions," provided they do not dispose of a claim or defense).  Accordingly, I have addressed both issues in the form of a report and recommendation.

For the reasons set forth below, I recommend that Mr. Colihan be found not to have violated the New York Rules of Professional Conduct ("Rules") in his dealings with Ms. Bennett-Morales regarding the offer of judgment and how to respond.  I further recommend that Ms. Bennett-Morales be bound by the terms of the offer of judgment she accepted through her counsel.

A.     Mr. Colihan's Conduct was Proper

Rule 1.2(a) of the Rules provides that a "lawyer shall abide by a client's decision whether to settle a matter."  Rule 1.4(a)(1)(iii) of the Rules provides that a lawyer shall "promptly inform the client of . . . material developments in the matter, including settlement . . . offers."  Here, it is clear that Mr. Colihan fully complied with both obligations since he advised Ms. Bennett-Morales of the City's offer of judgment and communicated her acceptance of it to Mr. Gutmann and Judge Swain only after

receiving oral confirmation that Ms. Bennett-Morales wished to dispose of her case in exchange for a $20,000 payment.[3] Indeed, the evidence that this is what Ms. Bennett-Morales wanted to do in late May and early June 2015 is uncontradicted since Ms. Bennett-Morales did not testify at the hearing despite being present. There consequently is no basis for Mr. Manoussos' assertion that Ms. Bennett-Morales "did not approve the settlement." (ECF No. 100).

    B.    <u>Ms. Bennett-Morales' Acceptance of the Offer of Judgment is Binding</u>

Apparently recognizing that his client did accept the defendants' offer, at the hearing, Mr. Manoussos advanced a somewhat different theory why she should be entitled to proceed with her claims. Specifically, Mr. Manoussos contended that there was an "ambiguity" because Mr. Gutmann's post-acceptance paperwork included a general release of any claims that Ms. Bennett-Morales had against the City. (Tr. 7). It appears, however, that there was no mention of a general release requirement in the offer of judgment. As a consequence, even if it was Mr. Colihan's consistent practice to secure a release for the Office of Corporation Counsel when his cases against municipal defendants were resolved, there is no evidence that the City insisted upon the signing of such releases when plaintiffs resolved their cases by accepting offers of judgment, rather than arriving at settlements through other means. Moreover, even if the City's

---

[3] Ms. Bennett-Morales sent the confirmatory email to Mr. Colihan on June 4, 2015, three days after Mr. Colihan's letter to the Court communicating his acceptance of the City's offer. (<u>Compare</u> ECF No. 83, <u>with</u> ECF No. 109-2). Nevertheless, he testified that the email was merely a confirmation of what Ms. Bennett-Morales previously had agreed to orally. (Tr. 13).

communications following Ms. Bennett-Morales' acceptance of the offer of judgment had contained a demand (not merely a request) for a release, this unilateral attempt to vary the terms of the agreement among the parties after the fact obviously would have been ineffective. See, e.g., N.Y. Gen. Oblig. Law § 5-1103 (in the absence of consideration, "[a]n agreement . . . to modify . . . any contract . . . [must] be in writing and signed by the party against whom it is sought to enforce the change.").

It follows that Ms. Bennett-Morales' letter application to reopen this case should be denied. Additionally, the Office of Corporation Counsel should be directed to take whatever steps are necessary to ensure that a check in the amount of $20,000 is tendered promptly to Ms. Bennett-Morales and her successor counsel.[4]

III. Notice of Procedure for Filing Objections to this Report and Recommendation

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a) and (d). Any such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Laura Taylor Swain, to my chambers at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d),

---

[4] In that regard, I note that Mr. Colihan consented to have Mr. Monoussos and his firm substituted for him as Ms. Bennett-Morales' counsel on November 11, 2015. (See ECF No. 99 at 2). Because the Consent to Change Attorney was docketed simply as an additional "Notice of Appearance," (see id. at 1), the Court never took any action with respect to it. I corrected that oversight earlier today by granting the request to substitute counsel.

72(b). Any requests for an extension of time for filing objections must be directed to Judge Swain. The failure to file timely objections will result in a waiver of those objections for purposes of appeal. See Thomas v. Arn, 474 U.S. 140 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b).

SO ORDERED.

Dated:      New York, New York
            September 22, 2016

                                                    _____
                                                    FRANK MAAS
                                                    United States Magistrate Judge

Copies to Counsel via ECF